ROBINSON v. SCHANTZ.

1. Parties—Misjoinder.

  Two parties, separately possessed of rights of action for personal injuries and consequential damages against a common wrongdoer may not unite in suit by a single declaration and thereby compel the claimed wrongdoer to defend the 2 causes as one, there being a misjoinder of parties (CL 1948, § 612.13).

2. Same—Partial Assignment of Automobile Insured.

  Automobile insurer, as assignee under valid assignment from insureds whose jointly-owned car was involved in collision with defendant, may recover as such partial assignee of the insureds, in company with the survivor of the insureds, one of whom must elect to be dropped as a party because of misjoinder, established at the trial, provided there is proved right of recovery otherwise (CL 1948, § 612.13).

3. Same—Disjoinder.

  Election of joint owners of car as to which should be dropped from action commenced by single declaration against alleged wrongdoer is deferable for 30 days following release of opinions deciding their appeal from disjoinder order (CL 1948, § 612.13).

Edwards, J., dissenting.

References for Points in Headnotes
[1, 3]  39 Am Jur, Parties § 119.
[2]  5A Am Jur, Automobile Insurance §§ 181, 182.

Appeal from Charlevoix; Brown (Charles L.), J. Submitted April 5, 1961. (Docket No. 8, Calendar No. 48,859.) Decided June 28, 1961.

Case by Charles A. Robinson, Myrtle Robinson, and State Farm Mutual Automobile Insurance Company, an Illinois corporation, subrogees of Charles A. Robinson and Myrtle Robinson, against Paul Schantz for personal injuries, medical expense, and property damage arising from automobile collision. Order entered on motion directing withdrawal of one individual plaintiff and withdrawal by corporate plaintiff of corresponding subrogated portion of its claim on penalty of dismissal of declaration. Plaintiffs appeal. Affirmed.

*Guy C. Conkle, Jr.,* and *Harvey C. Varnum,* for plaintiffs.

*Benjamin V. Halstead,* for defendant.

BLACK, J. The presented question duplicates that which was considered in *Hardware Dealers Mutual Insurance Co.* v. *R. H. Hidey, Inc.,* 349 Mich 490. It is whether 2 parties, separately possessed of rights of action for personal injuries and consequential damages against a common wrongdoer, may unite in suit by a single declaration and thus, by the mere act and fact of agreed confederation, compel the wrongdoer to answer and defend the 2 causes as one. A secondary question is whether the corporate plaintiff, as partial assignee under the statute (CL 1948, § 612.2 [Stat Ann § 27.654]), may join in the suit for the purpose of recovering that which was assigned to it.

The declaration in this case pleads the separate rights of separate plaintiffs, all represented by the same counsel. It alleges that the same acts of

negligence on the part of defendant caused an auto-motive collision resulting in personal injuries and consequential damages separately suffered by the 2 individual plaintiffs and property damage to their jointly-owned car; that the property damage claim (less $50) passed to the corporate plaintiff by assignment on account of which it joins in the suit; that plaintiff Charles A. Robinson on account of such alleged negligence is entitled to an award of damages against the defendant in the sum of $10,000, and that plaintiff Myrtle Robinson on same account is entitled to an award of damages against him in the sum of $14,000. The corporate plaintiff's claim amounts to $864.

Defendant moved to dismiss, assigning misjoinder of parties. Judge Brown granted the motion, concluding as follows:

"After hearing arguments of counsel and consideration of the briefs, it is the opinion of this court that defendant's contentions are correct.

"Therefore, it is ordered that plaintiff Charles A. Robinson and Myrtle Robinson shall within 20 days elect which one shall drop his or her cause of action and withdraw as party plaintiff; that within the same 20 days the State Farm Mutual Automobile Insurance Company shall drop the partial cause of action assigned to it by whichever one of the Robinsons shall drop out of the case, and that upon the failure so to do on the part of anyone of the plaintiffs herein, the declaration in this cause is to be dismissed, with costs awarded to defendant."

This I construe as requiring that the Robinsons elect which personal injury cause shall survive defendant's motion and as authorizing recovery by the motion-surviving plaintiff of his general damages in addition to his share of the deductible amount paid toward collision repair; provided, of course,

that such plaintiff shall otherwise prove right of re-covery of such damages.

As for the corporate plaintiff the declaration shows that it received, prior to filing of this multi-lateral declaration, a valid assignment from the Robinsons of the claim it would recover as partial assignee. It may recover as such partial assignee of the Robinsons, in company with the motion-surviving plaintiff, provided its right of recovery is otherwise established at the trial. The mentioned statute so provides.

For reasons pertaining to misjoinder of law causes shown in the prevailing opinions of *Hidey, supra,* I would affirm dismissal on above terms of choice, with right of the corporate plaintiff to remain in the cause as partial assignee. Further, the statute con-sidered,* I would extend the time for election by Mr. and Mrs. Robinson to the 30th day following release of our opinions in this case. Defendant should recover costs of this appeal.

DETHMERS, C. J., and CARR, KELLY, SMITH, KAVA-NAGH, and SOURIS, JJ., concurred with BLACK, J.

EDWARDS, J. (*dissenting*). I dissent from the opinion of the Court on the grounds stated in my opinion in *Hardware Dealers Mutual Insurance Co.* v. *R. H. Hidey, Inc.,* 349 Mich 490, 493.

---

* "No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require." CL 1948, § 612.13 (Stat Ann § 27.665).